| | |
|---|---|
| 1  Katheryn Bradley, WSBA #31064<br>Nick Beermann, WSBA #30860<br>2  Jackson Lewis LLP<br>One Union Square<br>3  600 University Street, Suite 2900<br>Seattle, Washington 98101<br>4  (206) 405-0404 | The Honorable Edward F. Shea<br><br>FILED IN THE<br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF WASHINGTON<br><br>JUN 1 0 2005<br><br>JAMES R. LARSEN, CLERK<br>_____ DEPUTY<br>RICHLAND |

5  Melody D. Farance, WSBA #34044
   Michael H. Church, WSBA #24957
6  Stamper, Rubens, Stocker & Smith, P.S.
   720 West Boone, Suite 200
7  Spokane, WA 99201
   (509) 326-4800
8

9             UNITED STATES DISTRICT COURT
10             EASTERN DISTRICT OF WASHINGTON
                        AT SPOKANE
11

12  JOHN HURLEY, SONJA RODGERS,        )
    JEFFREY FOREMAN, JENNIFER           )
13  FRANKLIN, and LOLITA PERREIRA,      ) Case No.: 2:CV-05-17-EFS
    on their behalf and on behalf of a class )
14  of similarly situated plaintiffs,         )
                                             ) [~~PROPOSED~~] PROTECTIVE ORDER
15                   Plaintiffs,            )
                                             )
16          v                                ) CLERK'S ACTION REQUIRED
                                             )
17  U.S. HEALTHWORKS MEDICAL         )
    GROUP OF WASHINGTON, P.S., a       )
18  Washington professional services    )
    corporation; U.S. HEALTHWORKS OF   )
19  WASHINGTON, INC., a Washington     )
    corporation; U.S. HEALTHWORKS,     )
20  INC., Delaware corporation, and U.S. )
    HEALTHWORKS HOLDING              )
21  COMPANY, INC., a Delaware          )
    corporation,                         )
22                                           )
                     Defendants.            )
23                                           )

24       TO THE CLERK: The Clerk of this Court is directed to enter the following
25  Protective Order effective as of the date signed below.
26       THIS MATTER, having come regularly before the court on the parties'
27  Stipulated Motion for Protective Order and the court, having reviewed the parties'
28

PROTECTIVE ORDER-1
Case No.: 2:CV-05-17-EFS

motion and finding good cause to enter a protective order in this matter, hereby ORDERS that the provisions below shall control the designation and handling of confidential documents and other information produced during the discovery process in this litigation.

Defendants U.S. HealthWorks Medical Group of Washington, P.S., U.S. HealthWorks of Washington, Inc., U.S. HealthWorks, Inc., and U.S. HealthWorks Holding Company, Inc. ("Defendants"), and Plaintiffs John Hurley, Sonja Rodgers, Jeffrey Foreman, Jennifer Franklin, and Lolita Perreira, on their behalf and on behalf of a class of similarly-situated plaintiffs ("Plaintiffs"), by and through their respective counsel of record, stipulate that certain documents produced in this litigation contain or constitute information which is considered confidential and/or trade secrets and, therefore, move this court to enter an order protecting these documents from disclosure. The parties hereby stipulate and agree to the following Protective Order in this litigation:

1. **Scope and Purpose of this Order:** This Protective Order shall govern the designation and handling of protected documents produced, and all confidential testimony and statements given by any witness, in response to any formal discovery procedure, including designation and handling of nonpublic information of a confidential nature. This Protective Order does not affect any party's obligations under the Federal Rules of Civil Procedure to produce documents as required by the discovery rules or an order of the court. The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential nature.

2. **Documents or Information Subject to Protective Order:** Any person who is required to produce documents or information in discovery in this litigation may designate material produced as protected documents pursuant to this Protective Order. All designations must be based on the good faith belief that the

PROTECTIVE ORDER-2
Case No.: 2:CV-05-17-EFS

Jackson Lewis LLP
One Union Square
600 University, Suite 2900
Seattle, Washington 98101
(206) 405-0404

information constitutes (a) proprietary or sensitive business, personal, medical, or financial information or (b) information subject to a legally-protected right of privacy.

3. **Limitation on Use of Protected Documents or Witness Testimony:** Protected documents or witness testimony or statements designated as "CONFIDENTIAL," shall be used only for the purposes of this case, and will not be used by any party or his or her counsel for any purpose unrelated to this case.

4. **Designating Protected Documents or Witness Testimony or Statements as Protected by this Protective Order:**

   a. **Marking Documents:** Protected documents shall be designated as confidential by affixing to them the legend "CONFIDENTIAL," in a size and location that makes the designation readily apparent, preferably in the lower right hand corner.

   b. **Designating Deposition Testimony, Statements or Exhibits:** Any party or non-party wishing to designate deposition testimony or deposition exhibits as confidential may do so on the record during the deposition, or within 30 days after receipt of the deposition transcript and exhibits by providing written notice of the designation to the parties and any other affected person. The party making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as confidential are appropriately bound by the reporter.

   c. **Subsequent Designation:** A protected document produced or disclosed without a "CONFIDENTIAL" designation may be subsequently designated by any party as confidential. In each such case, the designating person shall provide to all other parties written notice of that designation and a copy of the document marked in accordance with Paragraph 4. No person shall be liable for

PROTECTIVE ORDER-3
Case No.: 2:CV-05-17-EFS

Jackson Lewis LLP
One Union Square
600 University, Suite 2900
Seattle, Washington 98101
(206) 405-0404

publicly disclosing a document marked "CONFIDENTIAL" if that disclosure occurred prior to receipt of written notice pursuant to this paragraph.

5. **Maintaining Designated Protected Materials:** Any protected document must be maintained in a manner reasonably calculated to preserve its confidentiality.

6. **Disclosure and Use of Protected Materials:** Except as set forth herein or by any subsequent court order, no protected documents shall be delivered, exhibited, or disclosed to any persons unless done in a manner in compliance with this Protective Order. No protected document may be used for any purpose other than the prosecution or defense of this court action.

   a. Protected documents may be delivered, exhibited, or disclosed to the following persons, subject to the limitations of this Protective Order:

   i. Counsel representing the parties in this case and any paralegal, clerical, or other employee of such counsel assisting in the prosecution or defense of this litigation;

   ii. Any copying services hired by counsel to copy documents in bulk;

   iii. The court or any court personnel subject to the limitations of paragraph 7;

   iv. Any person testifying or attending a deposition, subject to this Protective Order;

   v. Any person identified as having authored or having previously received the protected document(s);

   vi. The parties and their representatives for any purpose in this litigation; and

   vii. Former employees or agents, if disclosed during a deposition.

PROTECTIVE ORDER-4
Case No.: 2:CV-05-17-EFS

Jackson Lewis LLP
One Union Square
600 University, Suite 2900
Seattle, Washington 98101
(206) 405-0404

b.  The parties' counsel shall require all persons, except those referred to in paragraph 6(a), to read and agree to be bound by this Protective Order, before being given access to any protected document.

7.  **Filing of Protected Materials:**

a.  **Filing Under Seal:** This stipulation does not limit the parties from filing protected documents or testimony with the court, provided that such document is relevant to a matter at issue before the court. However, where a party is filing protected documents into the record it shall give notice to the designating party so that the designating party may request that the protected document be filed under seal or sealed by the court. The parties stipulate that they will, to the greatest extent possible, protect the confidentiality of the protected documents designated by the other party when making court filings, by including only the relevant portion of the protected document.

b.  **Failure to File under Seal:** If any party (filing party) fails to file protected documents or information under seal, the producing party or any party claiming confidentiality (producing party) can write to the filing party requesting that counsel take immediate steps to place the protected document or information under seal. If the filing party fails to take corrective action within three days of notification, the producing party may move the court to request that the court place the protected documents or information under seal.

8.  **Producing Parties' Use of Protected Documents or Testimony:** Nothing in this Protective Order limits a producing party's use of its own information or documents or documents obtained through means other than discovery requests or subpoenas in this litigation. Such disclosures shall not affect any confidential designation made under the terms of this Protective Order.

9.  **Inadvertent Disclosure:** The parties further agree that any party inadvertently producing a privileged or work product document may, upon

---

PROTECTIVE ORDER-5
Case No.: 2:CV-05-17-EFS

Jackson Lewis LLP
One Union Square
600 University, Suite 2900
Seattle, Washington 98101
(206) 405-0404

discovery of such inadvertent production, request return of the document. The document(s) must be returned immediately to the producing party. Any other party has the right to contest the assertion of any attorney-client or work product designation by an appropriate motion to the court, but the document(s) will be treated as privileged or work product in the interim.

10. **Disputes as to Confidentiality Designation:**

   a. **Meet and Confer Requirement:** If, at any time, a party disagrees with the designation of a protected document, the parties must first attempt to resolve the dispute by conferring.

   b. **Protective Order:** If the dispute is not resolved through the meet-and-confer process within 15 days of notification of the receiving party's disagreement with the designation, the producing party will have 30 days to move the court for protection under the Federal Rules of Civil Procedure. The parties may, however, agree to extend this period in order to bring any disputes about designations of protected documents to the court, either at one time or in as efficient a manner as possible.

   c. **Status Pending Resolution of Dispute:** Any disputed document or other material must be treated as a protected document under this Protective Order until the court rules otherwise.

11. **Rights of Parties:** This Protective Order is without prejudice to the right of any party to apply to the court for a protective order relating to any confidential information or for an order permitting disclosure of any confidential information beyond the terms of this Protective Order.

12. **Documents for Trial:** As part of the pretrial conference, the parties must meet and confer to (a) reach an agreement as to the confidentiality of information to be used at trial, and (b) designate documents as trial exhibits. If necessary, the parties or the court will also develop a method for maintaining the

PROTECTIVE ORDER-6
Case No.: 2:CV-05-17-EFS

Jackson Lewis LLP
One Union Square
600 University, Suite 2900
Seattle, Washington 98101
(206) 405-0404

confidentiality of such information and documents at trial. At the producing party's request, any document previously designated "Confidential" must be used at trial only in a clean or redacted copy without any such designation.

**13. Upon Case Completion:** When this action, including appeals, concludes, and within 60 days after the litigation has been finally terminated, a producing party may request the return or destruction of all protected documents produced in this litigation, except those filed with the court or agreed by the parties to be retained for purposes of effectuating any judgment. If such a request is made in writing, the recipient of the request will have 60 days in which to (a) return the documents, (b) destroy the documents, or (c) file a motion with the court seeking an order upon good cause shown that documents should not be destroyed or returned. Even if there is no request to return the documents within the 60 days, the protected documents are still subject to the Protective Order.

**14. Commencement:** The parties agree, by signature of counsel below, to abide by the terms of this Stipulation once it has been signed by counsel regardless of when the Protective Order is signed by the Court.

Dated this 10th day of June, 2005.

_____
Honorable Edward F. Shea
United States District Court
Eastern District of Washington

Presented by:

JACKSON LEWIS LLP

By: /s Katheryn Bradley
    Katheryn Bradley, WSBA #31064
    Nick Beermann, WSBA #30860

PROTECTIVE ORDER-7
Case No.: 2:CV-05-17-EFS

STAMPER, RUBENS, STOCKER
& SMITH P.S.

By: _____
   Michael Church, WSBA #24957
   Melody Farance, WSBA #34044
   Attorneys for Plaintiffs

PROTECTIVE ORDER-8
Case No.: 2:CV-05-17-EFS

Jackson Lewis LLP
One Union Square
600 University, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1
2    Dated this ___ day of _____, 2005.
3
4
5                                            Honorable Edward F. Shea
                                             United States District Court
6                                            Eastern District of Washington
7
8
9    Presented by:
10   JACKSON LEWIS LLP
11
12   By: _____
13       Katheryn Bradley, WSBA #15978
         Nick Beermann, WSBA #30860
14
15
16   STAMPER, RUBENS, STOCKER
     & SMITH P.S.
17
18
     By: /s/ *Melody D. Farance*
19       Michael Church, WSBA #24957
         Melody Farance, WSBA #34044
20       Attorneys for Plaintiffs
21
22
23
24
25
26
27
28
     PROTECTIVE ORDER-1                                    **Jackson Lewis LLP**
     Case No.: 2:CV-05-17-EFS                              One Union Square
                                                           600 University, Suite 2900
                                                           Seattle, Washington 98101
                                                           (206) 405-0404