UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN HURLEY, SONJA RODGERS, JEFFREY FOREMAN, JENNIFER FRANKLIN, and LOLITA PERREIRA, on their behalf and on behalf of a class of similarly situated plaintiffs,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>U.S. HEALTHWORKS MEDICAL GROUP OF WASHINGTON, P.S., a Washington professional services corporation; U.S. HEALTHWORKS OF WASHINGTON, INC., a Washington corporation; U.S. HEALTHWORKS, INC., Delaware corporation, and U.S. HEALTHWORKS HOLDING COMPANY, INC., a Delaware corporation,<br><br>　　　　　　Defendants. | NO. CV-05-0017-EFS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE DECLARATIONS OF (1) MICHAEL CHURCH; (2) STEPHANIE GONZALEZ; AND (3) SHANNON BUTLER AND DENYING PLAINTIFFS' MOTION TO CERTIFY CLASS ACTION AND GRANT APPROVAL OF NOTICE TO CLASS** |

On April 26, 2006, the Court conducted a telephonic hearing in the above-captioned case. During the telephonic hearing, the Court heard argument on Defendants' Motion to Strike Declarations of (1) Michael Church; (2) Stephanie Gonzalez; and (3) Shannon Butler ("Motion to Strike") (Ct. Rec. 84) and Plaintiffs' Motion to Certify Class Action and Grant Approval of Notice to Class ("Motion to Certify Class") (Ct. Rec. 69). After hearing oral argument and reviewing the submitted documents,

ORDER * 1

the Court was fully informed and granted in part and denied in part Defendants' Motion to Strike and denied Plaintiffs' Motion to Certify Class. This Order serves to memorialize and supplement the Court's oral rulings.

## I. Motion to Strike

Defendants move the Court to strike declarations by Michael Church (Ct. Rec. 71), Stephanie Gonzales (Ct. Rec. 73), and Shannon Butler (Ct. Rec. 72), which were filed by Plaintiffs in support of their Motion to Certify Class. Defendants claim Mr. Church's declaration should be stricken because it purportedly contains inadmissible legal conclusions and factual assertions not within Mr. Church's personal knowledge. In addition, Defendants argue Ms. Gonzales' and Ms. Butler's declarations should be stricken because Defendants were unable to depose these individuals prior to the discovery cutoff due to their late disclosure as potential witnesses.

Under Federal Rule of Civil Procedure 12(f), courts are permitted to strike any "redundant, immaterial, impertinent, or scandalous matter" found to exist in a pleading. Although the Court's authority to strike matters under Rule 12(f) is limited to pleadings, a "'motion to strike' materials that are not part of the pleadings may be regarded as an 'invitation' by the movant 'to consider whether [proffered material] may properly be relied upon.'" *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 973 (E.D. Cal. 2004) (quoting *United States v. Crisp*, 190 F.R.D. 546, 551 (E.D. Cal. 1999) (quoting *Monroe v. Bd. of Educ.*, 65 F.R.D. 641, 645 (D. Conn. 1975) ("[A] motion to strike has sometimes been used to call to courts' attention questions about the admissibility of proffered material in [ruling on motions]."))). Thus, because the

ORDER * 2

disputed declarations are not "*pleadings,*" the Court is not authorized under Rule 12(f) to strike the disputed declarations. Nonetheless, the Court is authorized to disregard evidence offered in the disputed declarations if the evidence is not admissible. Below, the Court addresses Defendants' concerns with the disputed declarations.

**A. Mr. Church's Declaration**

Because the following statements contained in Mr. Church's declaration (Ct. Rec. 71) are not based on Mr. Church's personal knowledge and/or are legal conclusions, the Court finds they are inadmissible and will not be considered in connection with Plaintiffs' Motion to Certify Class:

- "It is estimated that there are more than fifty former and current office/clerical and medical assistant employees of U.S. HealthWorks facilities in Spokane, Washington." *Id.* ¶ 4.

- "All members of the proposed class were subject to the same working conditions and policies of U.S. HealthWorks, were denied meal and rest breaks, and were deprived of wages and other compensation and benefits that U.S. HealthWorks was lawfully obligated to pay them." *Id.* ¶ 5.

- "Further, none of the named Plaintiffs have any interests that are antagonistic to the class." *Id.* ¶ 6.

- "All individual members of the class present identical claims for unpaid wages for missed meal and rest breaks. The liability issues are common and identical for all class members. If the Plaintiffs prevail on the liability issues, the damages question is merely a matter of accounting." *Id.* ¶ 8.

ORDER \* 3

- "The four requirements of CR 23(a) for class certification (numerosity, commonality, typicality, and adequacy of representation) are present in this case. Further, because there are common questions of law and fact in this case, the prosecution of separate actions would create the risk of both inconsistent adjudications with respect to individual members of the class to establish incompatible standards of conduct for the class, and also create a risk of adjudications for individual members that would be dispositive of the interests of other members. Further, U.S. HealthWorks has acted on grounds that are generally applicable to the class, thereby making declaratory and injunctive relief applicable to the class as a whole." *Id.* ¶ 9.

- "Finally, the questions of law or fact that are common to all members of the class predominate over any questions affecting only individual members. Therefore, class certification is appropriate under F.R.C.P. 23(b)(1), (2), and (3)." *Id.*

**B. Ms. Gonzales' and Ms. Butler's Declarations**

**1. Background**

Plaintiffs filed their Complaint in the Spokane County Superior Court on December 23, 2004. (Ct. Rec. 1 Ex. B.)  Plaintiffs' case was later removed to the Eastern District of Washington and this Court on January 26, 2005. (Ct. Rec. 1.)  Thereafter, on June 16, 2005, the Court entered the original Scheduling Order in this case, which was later amended on August 4, 2005 (Amended Scheduling Order: Ct. Rec. 18), and December 6, 2005 (Second Amended Scheduling Order: Ct. Rec. 38), at the joint requests of the parties.  According to the terms of the Second Amended Scheduling Order, all discovery was to be completed no later than February 15, 2006. (Ct. Rec. 38 at 2.)

ORDER * 4

On February 15, 2006, Plaintiffs filed a Motion for Extension of Time to Complete Discovery and Dispositive Motion Deadlines ("Motion for Extension"). (Ct. Rec. 42.)  In its Motion for Extension, Plaintiffs explained that additional time was needed to complete the discovery process because Defendants had supplemented their Federal Rule of Civil Procedure 26(a)(1) disclosures with twelve new witnesses on January 31, 2006, which was just two weeks prior to the discovery cutoff set forth in the Second Amended Scheduling Order. *Id.*  On February 22, 2006, after conducting a telephonic hearing on the Motion for Extension, the Court extended the discovery cutoff from February 15, 2006, to April 17, 2006, to permit Plaintiffs time to depose the twelve newly disclosed witnesses. (Ct. Rec. 68.)  The Court's Third Amended Scheduling Order included the following language:

> All discovery , including the depositions of the twelve (12) new witnesses disclosed by Defendants in their Second Supplement to Rule 26(a)(1) Initial Disclosures, and perpetuation depositions, shall be completed by April 16, 2006 ("Discovery Cutoff").  With exception to those twelve (12) new witnesses, no additional depositions shall be noted nor taken without prior permission of the Court, which will be granted only upon motion and a showing of good cause.

*Id.* at 9-10 (emphasis added).  The Third Amended Scheduling Order also required all motions to compel to be filed no later than March 17, 2006. *Id.* at 10.

On February 22, 2006, in a letter to Plaintiffs' counsel, defense counsel asked Plaintiffs to supplement their "initial disclosures pursuant to Rule 26 with any additional witnesses [they] have identified in support of [their] case." (Ct. Rec. 86 Ex. A.)  After receiving no response to their February 22, 2006, request, defense counsel renewed their request for Rule 26(a)(1) supplementation in a March 9, 2006, letter to Plaintiffs' counsel. *Id.* at Ex. B.  In their March 9, 2006,

ORDER ~ 5

letter, defense counsel warned Plaintiffs' counsel that they would be forced to file a motion to compel if Plaintiffs' Rule 26(a)(1) disclosures were not supplemented by March 15, 2006, which would be two days prior to the motion to compel filing deadline set forth in the Court's Third Amended Scheduling Order. *Id.*

On March 28, 2006, four days after Plaintiffs filed their Motion for Class Certification, Plaintiffs' counsel faxed their Supplemental Disclosure Statement to defense counsel. *Id.* at Ex. C. In a cover letter to the fax, Plaintiffs' counsel stated that the Supplemental Disclosure Statement had been inadvertently sent to defense counsel's "old address" on March 13, 2006. *Id.* In the Supplemental Disclosure Statement, Plaintiffs informed Defendants that Stephanie Gonzales and Shannon Butler were individuals who had discoverable information. *Id.* Both Ms. Gonzales and Ms. Butler, whose mailing addresses were provided, were described as former U.S. HealthWorks employees. *Id.*

In a declaration filed by Plaintiffs' attorney Melody Farance, Ms. Farance explains that Shannon Butler, although not disclosed under Rule 26(a)(1) as a person with discoverable information, had been disclosed as such a person in Plaintiff John Hurley's answer to Defendants' Interrogatory No. 1 on September 26, 2005. (Ct. Rec. 111 Ex. A.) Additionally, Ms. Farance explains that she became aware that Ms. Gonzales may have relevant information to the case in late-January 2006, when she was informed of such by Mr. Hurley. *Id.* at ¶ 2. After learning of Ms. Gonazales from Mr. Hurley, Ms. Farance contacted Ms. Gonzales by telephone soon thereafter and began drafting the declaration eventually submitted by Ms. Gonzales in support of Plaintiffs' Motion to Certify Class. *Id.* Ms. Farance then explains that due to complications in being

ORDER \* 6

able to contact Ms. Gonzales, she was unable to confirm Ms. Gonzales "would be an appropriate witness" until March 6, 2006, which was approximately one-week prior to Plaintiffs' counsel's purported initial attempt to serve defense counsel with Plaintiffs' Supplemental Disclosure Statement. *Id.* at ¶ 3.

At no time prior to their receipt of Plaintiffs' Supplemental Disclosure did Defendants file a motion to compel supplemental Rule 26(a)(1) disclosures. Similarly, since Ms. Gonzales' and Mr. Butler's March 28, 2006, disclosures as individuals with discoverable information, Defendants have not moved for permission to take their depositions or for a continuance of the hearing on Plaintiffs' Motion to Certify Class until after their depositions could be taken.

**B. Analysis**

**1. Shannon Butler's Declaration**

Although Shannon Butler was not disclosed as a person with discoverable information under Rule 26(a)(1) until March 2006, this disclosure was made by Mr. Hurley in his response to Defendants' Interrogatory No. 1 on September 26, 2005. (Ct. Rec. 111 Ex. A.) Thus, Defendants have been capable of deposing Ms. Butler for over six months. Accordingly, the Court finds Defendants were not prejudiced by Plaintiffs' recent disclosure of Ms. Butler as a witness under Rule 26(a)(1) and that Defendants could have taken Ms. Butler's deposition at any time during the discovery period. For this reason, the Court denies Defendants' request to disregard the evidence presented in Ms. Butler's declaration.

///

///

ORDER * 7

### 2. Stephanie Gonzales' Declaration

Although Plaintiffs' counsel could and likely should have supplemented its Rule 26(a)(1) disclosure with Ms. Gonzales' name sooner than March 2003, nothing prohibited Defendants from filing a motion to compel an earlier supplementation, a procedural step Defendants decided not to take. (*See* Ct. Rec. 86 Ex. A.)  In addition, Defendants have not sought permission to depose Ms. Gonzales since her March 2006 Rule 26(a)(1) disclosure as was permitted under the Third Scheduling Order (Ct. Rec. 68 at 10 ("[N]o additional depositions shall be noted nor taken without prior permission of the Court, which will be granted only upon motion and a showing of good cause.")).

Now, rather than filing a motion to take Ms. Gonzales' deposition, Defendants seek to strike Ms. Gonzales' declaration based on a theory that they were prejudiced by the late disclosure.  Because Defendants have known Ms. Gonzales may have discoverable information since March 2006, but took no steps to obtain the information, as was permitted under the Third Amended Scheduling Order, the Court finds Defendants were not materially prejudiced by the late disclosure and deny Defendants' request to strike Ms. Gonzales' declaration.

### II. Motion for Class Certification

**A. Untimeliness**

In 2001, Federal Rule of Civil Procedure 23(c)(1)(A) required courts to determine whether to certify a class "as soon as practicable after commencement of an action." F<small>ED</small>. R. C<small>IV</small>. P. 23(c)(1)(a) (2001).  In 2003, Congress amended Rule 23(c)(1)(a) to give federal courts more flexibility by permitting them to consider class certification "at an early practicable time." *Arnold v. Ariz. Dep't of Pub. Safety,* 233 F.R.D. 537,

ORDER * 8

541 (D. Ariz. 2005); FED. R. CIV. P. 23(c)(1)(a) (2003). In the advisory note to the 2003 Amendment of Rule 23(c)(1)(A), the Advisory Committee states:

> Time may be needed to gather information necessary to make the certification decision. Although an evaluation of the probable outcome on the merits is not properly part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense it is appropriate to conduct controlled discovery into the "merits," limited to those aspects relevant to making the certification decision on an informed basis. Active judicial supervision may be required to achieve the most effective balance that expedites an informed certification determination without forcing an artificial and ultimately wasteful division between "certification discovery" and "merits discovery." A critical need is to determine how the case will be tried.
>
> \*      \*      \*      \*
>
> Although many circumstances may justify deferring the certification decision, active management may be necessary to ensure that the certification decision is not unjustifiably delayed.

Rule 23(c)(1)(A)'s amended version accounts for parties' needs to conduct discovery related to the Rule 23(a) class action prerequisites. Nonetheless, courts should ensure the certification decision is timely and not unjustifiably delayed.

In this case, Plaintiffs filed suit in Spokane Superior Court on December 23, 2004. (Ct. Rec. 1 Ex. B.) The case was later removed to the Eastern District of Washington on January 26, 2005. (Ct. Rec. 1.) Thereafter, on June 16, 2005, the Court entered the case's original Scheduling Order, which was later amended on August 4, 2005 (Ct. Rec. 18), and December 6, 2005 (Ct. Rec. 38), at the joint request of the parties to allow for additional discovery and a more convenient trial date. According to the terms of the Second Amended Scheduling Order, all discovery in this case was to be completed no later than February 15,

ORDER * 9

2006. (Ct. Rec. 38 at 2.)  The new discovery cutoff was extended to April 17, 2006, to permit Plaintiffs to depose several witnesses not disclosed by Defendants until late-January 2006. (Ct. Rec. 68.)

Defendants now argue Plaintiffs' Motion to Certify Class should be denied for untimeliness.  Specifically, Defendants claim the motion should have been filed prior to the close of discovery and that they will be "substantially prejudiced" if a class is certified.[1]  In light of Rule 23(c)(1)(A)'s vague requirement that certification issues be addressed "at an early practicable time" and the lack of authority requiring motions for class certification be filed by any certain time, the Court finds Plaintiffs' motion is timely.  Discovery has just ended and the trial is not until October 2, 2006.  Furthermore, although this case was filed on December 28, 2004, the original Scheduling Order was not entered until June 16, 2005 - a period of only nine months from the filing of

---

[1] In support of their claim, Defendants cite to *Prodo-Steinman v. Bush*, 221 F.3d 1266 (11th Cir. 2000).  In *Prado-Steinman*, the Eleventh Circuit stated in *dicta* that "Rule 23 contemplates that the class certification decision will be made prior to the close of discovery." *Id.* (citing the pre-2003 version of FED. R. CIV. P. 23(c)(1)(a) ("class status should be resolved '[a]s soon as practicable after the commencement of the action'")).  Because the Eleventh Circuit's statement in *Prodo-Steinman* is based on Rule 23(c)(1)(A)'s pre-2003 amended language, which is substantially different the rule's current language, it is unhelpful to the consideration of whether the current version of Rule 23(c)(1)(A) requires the class certification decision be made prior to the close of discovery.

ORDER * 10

Plaintiffs' motion.  In addition, although Defendants claim they will be "substantially prejudiced" if the class is certified, they fail to explain how and why they will be prejudiced.  They have known Plaintiffs intended to seek class certification since the day they were served with Plaintiffs' Complaint and have been free to conduct discovery and prepare their defense accordingly.

**B. Class Action Requirements: Rule 23(a), (b)**

Named Plaintiffs John Hurley, Sonja Rodgers, Jeffrey Foreman, and Lolita Perreira move the Court for an order allowing this matter to proceed as a class action under Federal Rules of Civil Procedure 23(a) and (b)(1), (b)(2), and/or (b)(3).  The proposed class definition is:

> The class of all persons who are former or current office/clerical and medical assistant employees of U.S. HealthWorks facilities in Spokane, Washington, and who have been denied meal and rest breaks in violation of the policies contained in the U.S. HealthWorks Associate Handbook and in violation of RCW 49.12 and WAC 296-126-092; deprived the wages that U.S. HealthWorks was lawfully obligated to pay them, in violation of RCW 49.52.050; and deprived of other compensation and benefits it was lawfully obligated to provide them , in violation of the policies contained in the U.S. HealthWorks Associates Handbook and other applicable law.

(Ct. Rec. 69 at 2 ¶ 1.1.)  Defendants oppose Plaintiffs' motion, arguing Plaintiffs have failed to meet the requirements for maintaining a class action lawsuit.

The party seeking class certification has the burden of proving the requirements of Rule 23 are met.  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cr. 1992).  This burden must be sufficiently carried so the court can "form a reasonable judgment on each requirement." *Campion v. Credit Bureau Servs., Inc.*, 206 F.R.D. 663, 673 (E.D. Wash. 2001).  "To determine if these requirements are met, the court must look particularly to the allegations of the complaint, which the court must accept as

ORDER * 11

true." *Hernandez v. Alexander*, 152 F.R.D. 192, 194 (D. Nev. 1993) (citing *Blackie v. Barrack*, 524 F.2d 891, 900 (9th Cir. 1975), cert. denied, 429 U.S. 816 (1976).

Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

If the Court finds these requirements are satisfied, Rule 23(b) provides that a suit may be maintained as a class action if one of three independent scenarios exist. "The determination of class action status rests within the sound discretion of the district court." *James v. Ball*, 613 F.2d 180, 192 (9th Cir. 1979), *rev'd on other grounds by* 451 U.S. 355 (1981).

**1. Numerosity: Rule 23(a)(1)**

Rule 23(a)(1) requires the class be so numerous that joinder is impracticable. Several district courts have recognized that no specific numerical requirement exists. *Hernandez*, 152 F.R.D at 194 ("This Court is aware that there is no exact numerical formula which is used to determine whether a group of plaintiffs is sufficiently numerous to be certified as a class and that this determination must be made on a case by case basis."); *Leyva v. Buley*, 125 F.R.D. 512, 515 (E.D. Wash. 1989) ("In analyzing this element mere numbers have proven an inconsistent guideline to determine the appropriateness of certification."). Instead, these courts have indicated that the "focus [is] more on the impracticability element, considering factors as geographic dispersion, degree of sophistication, and class members' reluctance to sue

ORDER * 12

individually, to determine whether joinder would be impracticable." *Leyva*, 125 F.R.D. at 515; *accord Hernandez*, 152 F.R.D. at 194 ("Apart from class size, factors relevant to the joinder impracticability issue include judicial economy arising from avoidance of a multiplicity of actions, geographic dispersement of class members, sized of individual claims, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members." (citing Herbert B. Newberg, *Newberg on Class Actions* § 3.06 (1985)); *Jordan v. City of Los Angeles*, 669 F.2d 1311, 1319-20 (9th Cir. 1982), *vacated on other grounds*, 469 U.S. 810 (1982).

In their Complaint, Plaintiffs allege there are more than fifty class members and that these individuals are "believed to reside within several different counties of the State of Washington and in the State of Idaho." (Ct. Rec. 1.)  For the purposes of this motion, the Court assumes these allegations are true. *Blackie*, 524 F.2d at 900. In support of their argument that the numerosity element has been met, Plaintiffs claim joinder of the fifty class members would be impracticable due to their geographic dispersement and because the class members who are currently working for Defendants would be reluctant to sue individually out of fear of retribution. In opposition, Defendants claim Plaintiffs have failed to prove the numerosity element because fifteen currently-employed members of the proposed class do not believe they have been denied the meal and rest breaks alleged to have been denied in Plaintiffs' Complaint. In addition, Defendants assert that Plaintiffs have failed to offer evidence to support their claim that it would be impracticable to join the proposed class members individual claims.

ORDER * 13

The Court concurs with Defendants' ultimate conclusion that Plaintiffs have failed to demonstrate joinder would be impracticable. Even assuming there are fifty class members and that those persons live in different counties of Washington and Idaho, no admissible evidence has been offered to demonstrate the class members would be incapable of filing and maintaining their own suits. For instance, there has been no showing that the class members (1) are unsophisticated or uneducated; (2) lack the resources to prosecute their own claims; (3) would not prosecute their own claims out of fear of retribution; or (4) are so geographically disperse that Plaintiffs' current Spokane-based counsel could not represent them, i.e. make short trips to see counsel in Spokane or have counsel make short trips to see them in their different Washington counties or Idaho.

In support of their claim that the numerosity requirement has been satisfied, Plaintiffs cite to *Leyva*. Plaintiffs' reliance on Leyva is misplaced. Although *Leyva* supports the conclusion that a class may include as few as fifty class members, it is easily distinguishable from Plaintiffs' case. *See Leyva,* 125 F.R.D. at 515. The court in *Leyva* found that the proposed class of fifty met the numerosity requirement due to several factors not found here. *Id.* The *Leyva* class members were migrant workers with limited knowledge of the American legal process and limited or non-existent English skills. *Id.* Furthermore, only 3 of the 33 known potential class members lived in Washington, while 24 of the known potential class members lived in Mexico, with five others living in California, and one in New York. *Id.* at 515 n.2. In this case, the proposed class members are all alleged to live in a relatively small geographic area - Washington & Idaho. Furthermore, there is no evidence

to support a finding that the proposed class members are uneducated, lack knowledge of the American legal process, or that they do not speak English. For these reasons, *Leyva* does not support Plaintiffs' claim that the numerosity element has been fulfilled.

Because Plaintiffs have failed to satisfy Rule 23(a)'s numerosity requirement by demonstrating that joinder of the proposed class members' claims would be impracticable, the Court denies Plaintiffs' request to certify the proposed class. In addition, even if Plaintiffs were able to satisfy the numerosity requirement, for the reasons stated on the record, the Court finds Plaintiffs have failed to satisfy Rule 23(a)'s commonality requirement.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Strike **(Ct. Rec. 84)** is **GRANTED IN PART** (statements contained in Mr. Church's declaration) and **DENIED IN PART** (Ms. Gonzales' and Ms. Butler's declarations).

2. Plaintiffs' Motion to Certify Class **(Ct. Rec. 69)** is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this ___27th___ day of June 2006.


                    S/ Edward F. Shea
                      EDWARD F. SHEA
                United States District Judge

Q:\Civil\2005\0017.class.certification.wpd

ORDER * 15